# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARTIN CROWLEY, BAR NO. 3049.

No. 72204

FILED

NOV 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Martin Crowley be suspended for nine months for violations of RPC 5.5 (unauthorized practice of law) and RPC 8.4(d) (misconduct prejudicial to the administration of justice).

The State Bar has the burden of demonstrating by clear and convincing evidence that Crowley committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

17-41072

Crowley was suspended from the practice of law in Nevada in July 2013. Despite his suspension, he continues to operate out of the same office with the same firm name that he had before his suspension. He uses the same letterhead, with minor changes, such as a "J.D." designation after his name instead of "Esq." While he is supervised by another attorney, that attorney's office is in a different location. In 2015, Crowley assisted Larry Muecke in arranging his estate so his belongings would transfer to his cousin Timothy McLenic without having to go through probate. After Muecke's death, McLenic was unable to obtain Muecke's IRA funds so he met with Crowley. McLenic's fiancé Lynae Hummel paid Crowley $400 to send a demand letter to Muecke's bank to release the funds to McLenic. McLenic and Hummel were unaware that Crowley was suspended. Thereafter, McLenic was forced to retain another attorney to assist him with obtaining the funds through probate.

The panel found that Crowley violated RPC 5.5 (unauthorized practice of law) when he advised McLenic and sent a demand letter on behalf of McLenic and RPC 8.4(d) (misconduct prejudicial to the administration of justice) when he failed to ensure that McLenic and Hummel knew he was a suspended attorney. We defer to the panel's findings of facts in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Crowley violated the above listed rules.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and

the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline).

Crowley intentionally violated duties owed to the profession (unauthorized practice of law and misconduct). While Crowley argues that he did not know that sending a demand letter qualified as the practice of law, the record rebuts that argument as he sent the letter after a hearing panel had concluded that he had violated his suspension order by sending a demand letter in September 2013 and after he had filed a brief with this court challenging that hearing panel's recommendation, in which he acknowledged that he should not have sent the September 2013 demand letter. His unauthorized practice of law was detrimental to the integrity and standing of the bar. Further, he harmed McLenic because McLenic's ability to obtain the funds from the IRA was delayed. The panel found and the record supports two aggravating circumstances (pattern of misconduct and refusal to acknowledge the wrongful nature of conduct)[1] and one mitigating circumstance (remorse).

Considering all of these factors, we agree that a suspension is warranted. We acknowledge that the Standards for Imposing Lawyer Sanctions provide that disbarment is "appropriate when a lawyer . . .

---

[1]The panel also found the vulnerability of the victim as an aggravating circumstance, but nothing in the record before this court indicates that McLenic was vulnerable.

intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession." *Compendium of Professional Rules and Standards*, Standard 8.1 (Am. Bar Ass'n 2015); *see id.* at 452 ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."). But, because disbarment in Nevada is irrevocable, the underlying disciplinary action involves an isolated incident of unauthorized practice of law, and Crowley showed some remorse, we conclude a deviation is warranted.

Although a suspension is appropriate, we conclude that a longer suspension than recommended by the panel is warranted. We are concerned with the appearance that Crowley has maintained his legal practice with very little change since his suspension, and thus, are concerned that further unauthorized practice of law may occur. Additionally, because Crowley has been ~~publicly~~ reprimanded twice for engaging in the unauthorized practice of law since his suspension, we conclude a longer suspension is necessary to protect the public and the legal profession. The aggravating circumstances (pattern of misconduct and refusal to acknowledge the wrongful nature of conduct) also support a longer suspension.

Accordingly, we hereby suspend attorney Martin Crowley from the practice of law in Nevada for 18 months from the date of this order. Crowley shall refund Hummel $400 within 30 days of the date of this order. Further, Crowley shall pay the costs of the disciplinary proceedings,

including $2,500 under SCR 120, within 60 days from the date of this order.[2] Should Crowley seek reinstatement, the conditions placed on his reinstatement in the prior suspension order still apply, and he also shall be required to pay the costs from this matter and the refund to Hummel before seeking reinstatement. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]While Crowley challenges the imposition of costs and fees, we conclude the SCR 120 fees apply to this matter, are reasonable, and Crowley was on notice that reasonable fees would be assessed.

GIBBONS, and PICKERING, JJ., dissenting:

We would impose the nine-month suspension recommended by the hearing panel. While the majority asserts that Crowley knew he should not send the September 15, 2015, demand letter because he was subject to previous discipline for sending a demand letter while suspended, we note that he sent the September 15 letter before this court's public reprimand was issued in *In re Discipline of Crowley*, Docket Nos. 64457 and 68200. Thus, we respectfully dissent.

_____, J.
Gibbons

_____, J.
Pickering


cc:    Chair, Northern Nevada Disciplinary Panel
       Martin G. Crowley
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court